UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESSICA RAE BROWN,<br><br>Defendant. | Case No. 1:15-cr-00135-BLW-1<br><br>**REPORT AND RECOMMENDATION** |

On January 26, 2016, Defendant JESSICA RAE BROWN appeared before the undersigned United States Magistrate Judge to enter a change of plea. The Defendant executed a waiver of the right to have the presiding United States District Judge take her change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the applicable Indictment (Dkt. 1), the maximum penalties applicable, her Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by any agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds that there is a factual basis for the Defendant's guilty plea, that she entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States

**REPORT AND RECOMMENDATION - 1**

Probation Office.

Because the offense to which Defendant entered her guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt, the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate. The Government took the position that detention was appropriate, although suggested a self-surrender date be set that would allow Defendant to obtain medical care for injuries to her ribs or otherwise during a recent accident. However, the Government confirmed that no motion for detention was filed by the Government at the time of Defendant's initial appearance on the Indictment, and the Government indicated it was unaware of any new facts or evidence that would suggest Defendant is at a heightened risk of flight or risk of danger to the community than was present at the time of her initial appearance on the Indictment.

In this case, Defendant was released on her own personal recognizance and subject to a stringent combination of conditions imposed by U.S. Magistrate Judge Larry M. Boyle at the time of her initial appearance and arraignment on July 23, 2015, including home detention and location monitoring. (Dkt. 10.) Since her pretrial release commenced, Defendant has participated in drug testing (with no positives), an informal faith based sobriety program on a regular basis, and a mental health treatment program. Additionally, Defendant has maintained employment and a stable living environment with a supportive

REPORT AND RECOMMENDATION - 2

fiancé, and has been available to address custody issues, which are ongoing, regarding her two year old son. Support letters were provided to the Court and the Government and admitted during the hearing.[1] Additionally, the undersigned requested a status report from pretrial services, which was provided January 27, 2016, and indicates Defendant has been compliant with pretrial supervision.

Upon consideration of the totality of the circumstances presented in this case, including the Defendant's current medical issues resulting from the recent accident; the stringent conditions of release; the disruption to Defendant's positive recovery from her addiction, her mental health treatment, and her ability to address custody and other parental concerns regarding her young son that likely would occur with detention pending imposition of sentencing; and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court recommends release be continued.

---

[1] The support letters are attached to the Minutes as Exhibit A and filed under seal.

**REPORT AND RECOMMENDATION - 3**

## RECOMMENDATION

### NOW THEREFORE IT IS HEREBY RECOMMENDED:

1)      The District Court accept Defendant JESSICA RAE BROWN's plea of guilty to Counts One and Two of the Indictment (Dkt. 1),

2)      The District Court order forfeiture consistent with Defendant JESSICA RAE BROWN's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 1).

3)      The District Court continue Defendant's release subject to the Court's Order Setting Conditions of Release (Dkt. 10).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: January 27, 2016

_____
CANDY WAGAHOFF DALE
U.S. MAGISTRATE JUDGE

**REPORT AND RECOMMENDATION - 4**